IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

CHRISTINA LAGROU,                )
                                 )
            Plaintiff,           )
                                 )
v.                               )   Case No. 3:18cv283-HEH
                                 )
MONTEREY FINANCIAL              )
SERVICES, LLC, d/b/a MONTEREY   )
COLLECTIONS,                     )
                                 )
            Defendant.           )

# MEMORANDUM OPINION
(Granting Plaintiff's Motion to Withdraw Reference and Transfer Venue)

This matter is before the Court on the Amended Motion to (1) Withdraw Reference of Plaintiff's Amended Class Action Complaint from the Bankruptcy Court and (2) Transfer Venue to the Eastern District of Washington ("Motion to Withdraw Reference and Transfer Venue" or the "Motion"). (ECF No. 1.)[1] For reasons that follow, this Court will grant Plaintiff's Motion.

## I. BACKGROUND

Health Diagnostic Laboratory, Inc. ("HDL" or the "Company") based in Richmond, Virginia, was a provider of specialized laboratory services to physicians and other health care providers throughout the United States. In October 2014, Christina Lagrou ("Plaintiff"), a resident of Washington state, received laboratory services from

---

[1] The Court recognizes that ECF No. 1 is the Bankruptcy Court's "Transmittal of Withdrawal of Reference to the U.S. District Court." Plaintiff's actual Motion to Withdraw Reference and Transfer Venue can be found in the Defendant's Supplemental Designation of the Record at pages 3 and 4. (Def. Supp. Designation of R. 3–4.) However, for the sake internal consistency, the Court will consider ECF No. 1 as containing the motion that is before the Court.

1

HDL in connection with medical treatment, allegedly accruing a debt to HDL in the process. (Pl.'s Designation of R. Ex. 1 at 7–9, ECF No. 1-1.) Thereafter, in June 2015, HDL and its affiliated companies filed for Chapter 11 Bankruptcy in the U.S. Bankruptcy Court of the Eastern District of Virginia ("Bankruptcy Court"). In May 2016, the Bankruptcy Court approved the Second Amended Plan of Liquidation and appointed Richard Arrowsmith as the Liquidating Trustee. In this role, the Liquidating Trustee engaged debt collection firms to assist HDL with the recovery of outstanding assets that the Company believed it was owed. (*Id.* at 6–8.) Monterey Financial Services, LLC ("Defendant"), a California Limited Liability Company, was one of the debt collection firms engaged by the Liquidating Trustee. (*Id.*)

Plaintiff's Class Action Complaint ("Complaint")[2] alleged that Defendant, while

---

[2] On March 10, 2017, Plaintiff filed her Complaint to initiate an adversary proceeding against Defendant. (Pl.'s Designation of R. Ex. 1 at 5–19.) Plaintiff's adversary proceeding was filed in the Bankruptcy Court in relation to HDL's Chapter 11 Bankruptcy. Plaintiff filed her adversary proceeding in the Bankruptcy Court pursuant to a July 1, 2016 order ("Staying Order"), which states in relevant part:

> The automatic stay of 11 U.S.C. § 362 is hereby enforced and extended to protect the Excluded Receivables from any and all interference and assertion of control by any party other than the Liquidating Trustee, without prejudice to the rights of any consumer to dispute the validity or amount of any debt sought to be collected from them, or the right to communicate with consult or retain counsel;
>
> The automatic stay of 11 U.S.C. § 362 is hereby enforced and extended to protect the Collectors from any and all claims, threats, and actions initiated against the Collectors in respect of the Collectors' work in assistance of the Liquidating Trustee;
>
> Entry of this order shall be without prejudice to the rights of the Objecting Parties to commence an adversary proceeding initially in this Court seeking relief under applicable consumer protection statutes including but not limited to the Fair Debt Collection Practices Act.

(*In re: Health Diagnostic Laboratory, Inc.*, Case No. 15-32919-KRH, Dkt. No. 1272 (Bankr. E.D. Va. July 1, 2016)). In short, because Plaintiff's Complaint related to HDL's collection efforts, the Staying Order required that Plaintiff file her Complaint in the Bankruptcy Court for the Eastern District of Virginia.

acting on behalf of the Liquidating Trustee, engaged in illegal collection practices that violated the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §§ 1692, *et seq.* (*Id.* at 5–19.) Plaintiff's Complaint also contended that she did not owe a debt to HDL. (*Id.* at 9.) On March 10, 2017, the same day that Plaintiff filed her Complaint, she moved to withdraw the bankruptcy reference and to transfer venue to the Eastern District of Washington. (*Id.* at 28–30.)

Subsequently, on October 26, 2017, Plaintiff and the Liquidating Trustee settled their dispute regarding any outstanding debt that Plaintiff allegedly owed HDL.[3] *See* Adv. Proc. No. 17-03092-KRH, Dkt. No. 49 (Bankr. E.D. Va. October 26, 2017). Based on this settlement, Plaintiff filed an Amended Complaint. Significantly, the parties both acknowledge in their respective legal memoranda that Plaintiff's claims in the Amended Complaint are no longer related to the HDL bankruptcy action.[4] The parties disagree,

---

[3] On March 17, 2017, the Liquidating Trustee filed an emergency motion to stay Plaintiff's motion to withdraw the reference and to transfer venue—this request for a stay was granted. (Pl.'s Designation of R. Ex. 1 at 77–79.) Then, on May 9, 2017, the Bankruptcy Court entered an order that permitted the Liquidating Trustee to intervene in Plaintiff's adversary proceeding. (*Id.* at 313–16.)

[4] In arguing that there is nothing further for the Bankruptcy Court to resolve, Plaintiff states that her

> allegations are in no way based on whether the underlying debts are in fact due and owing. Accordingly, to the extent the initial Complaint was tangentially related to HDL Bankruptcy Proceedings (because whether the debts were due and owing could be determined in those proceedings), that connection to the HDL Bankruptcy Proceedings no longer exists. Notably, Defendant is in agreement that Plaintiff's Amended Complaint is not related to the underlying bankruptcy proceedings.

(Def.'s Supp. Designation of R. 8.) Similarly, in its memorandum of law in opposition to Plaintiff's Motion to Withdraw Reference and Transfer Venue, Defendant states that "Plaintiff chose to assert claims challenging the legitimacy of the underlying debt at issue. Now, Plaintiff has abandoned those claims, and this Court is left with the Amended Complaint containing allegations wholly unrelated to the underlying bankruptcy proceeding." (Def.'s Supp. Designation of R. 92.)

however, on the appropriate means of extracting the Amended Complaint from the Bankruptcy Court. As a result, Plaintiff has renewed her Motion to Withdraw the Reference and to Transfer Venue. Defendant, on the other hand, contends that the Amended Complaint should be dismissed. (Pl.'s Designation of R. Ex. 2 at 339–58, ECF No. 1-2.)

## II. DISCUSSION

Federal district courts have original jurisdiction over all bankruptcy matters. 28 U.S.C. § 1334. However, Congress has provided that district courts may refer bankruptcy proceedings to a bankruptcy judge for adjudication. 28 U.S.C. § 157(a). Accordingly, by this Court's standing order issued on August 15, 1984, the Court automatically refers all bankruptcy matters to the Bankruptcy Court. By its nature, however, the Bankruptcy Court's jurisdiction is limited. Thus, in certain situations a case's reference to the Bankruptcy Court *may* be withdrawn or *must* be withdrawn to the District Court. *See* 28 U.S.C. § 157(d). In either circumstance, the movant who seeks the withdrawal of the bankruptcy reference bears the burden of showing that she is entitled to such relief. *In re: U.S. Airways Grp., Inc.*, 296 B.R. 673, 677 (E.D. Va. 2003).

In the current matter, Plaintiff argues that the bankruptcy reference must be withdrawn under 28 U.S.C. § 157. (Def.'s Supp. Designation of R. 8–10.) In addition, Plaintiff argues that discretionary factors also weigh in favor of such an outcome. (*Id.* at 10–13.) To the contrary, Defendant contends that Plaintiff's Motion to Withdraw the Reference and Transfer Venue is untimely, and furthermore, that the Bankruptcy Court must dismiss Plaintiff's Amended Complaint. (*Id.* at 89–97.)

4

The Court agrees with Plaintiff and finds that the bankruptcy reference must be withdrawn.

### A. Withdrawal of the Bankruptcy Reference is Mandatory

A district court must withdraw the reference where, "on timely motion of a party," the court determines that "resolution of the proceeding requires consideration of both title 11 and other laws of the United States regulating organizations or activities affecting interstate commerce." 28 U.S.C. § 157(d). In the absence of binding Fourth Circuit precedent interpreting this statute, this Court is guided by the plain language of § 157(d) to determine whether the withdrawal of a bankruptcy reference is mandatory. *See U.S. Airways Grp., Inc.*, 296 B.R. at 679 (citing *Hughes Aircraft Co. v. Jacobson*, 525 U.S. 432, 438 (1999)). In *U.S. Airways*, the District Court interpreted § 157(d) as follows:

> [M]andatory withdrawal is not warranted unless the bankruptcy court must decide a question under non-bankruptcy federal law in order to *resolve* the proceeding. In other words, *an issue or question of non-bankruptcy federal law must be essential or material to the disposition of the bankruptcy proceeding before withdrawal of the reference is mandated.*

296 B.R. at 679 (second emphasis added).

Here, it is not disputed that Plaintiff's FDCPA claims constitute "non-bankruptcy" federal law. *Id.* Importantly, as a result of the October 26, 2017 settlement between Plaintiff and the Liquidating Trustee, only these claims remain unresolved. Thus, Plaintiff's non-bankruptcy claims are much more than "essential or material" to the Bankruptcy Court's disposition of this case. In fact, these claims represent the entire case. Therefore, based upon the plain language of § 157(d), the reference must be withdrawn.

5

## B. Discretionary Factors Weigh in Favor of Withdrawing the Bankruptcy Reference

While this Court finds that the bankruptcy reference must be withdrawn based upon the plain language of § 157(d), the Court further notes that discretionary withdrawal of the reference is appropriate.

In situations where the withdrawal of the bankruptcy reference is not mandatory, the withdrawal is discretionary and permitted "for cause shown." 28 U.S.C. § 157(d). To determine whether cause exists, courts within the Fourth Circuit have consistently considered the following factors:

> (i) whether the proceeding is core or non-core, (ii) the uniform administration of bankruptcy proceedings, (iii) expediting the bankruptcy process and promoting judicial economy, (iv) the efficient use of debtors' and creditors' resources, (v) the reduction of forum shopping, and (vi) the preservation of the right to a jury trial.

*U.S. Airways Grp., Inc.*, 296 B.R. at 681; *see also In re: QSM, LLC*, 453 B.R. 807, 809–10 (E.D. Va. 2011); *In re: Peanut Corp. of Am.*, 407 B.R. 862, 865 (W.D. Va. 2009). No single factor is dispositive, rather "discretionary withdrawal of reference should be determined on a case-by-case basis by weighing all the factors presented in a particular case, including the core/non-core distinction." *U.S. Airways Grp., Inc.*, 296 B.R. at 682.

In the current matter, these discretionary factors speak in favor of withdrawing the reference. First, Plaintiff's FDCPA claims are "non-core," and therefore, even if Plaintiff's claims were to remain in the Bankruptcy Court, that Court could not enter a final order of judgment.[5] Second, and related to the first factor, the withdrawal of this

---

[5] Pursuant to 28 U.S.C. § 157, bankruptcy courts have the authority to enter final orders and judgments in "all cases under title 11 and all core proceedings arising under title 11, or arising in a case under title

case's reference would be in the interest of efficiency and the judicious use of this Court's resources and those of the parties by avoiding duplicative hearings. Third, forum shopping is not a factor because the withdrawal of this case's reference would permit this Court to transfer Plaintiff's FDCPA claims to the Eastern District of Washington, which is a proper venue. *See* 28 U.S.C. § 1391 (stating that a civil action may be brought in "a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred . . . ."). In addition, that district is more convenient for the Plaintiff, who is a resident of Washington state, and such a transfer would not be unduly burdensome for Defendant, located in California. Finally, the withdrawal of the reference would preserve Plaintiff's right to a jury trial, given that Plaintiff's Amended Complaint requests a trial by jury, however, she has not consented to having a jury trial in the Bankruptcy Court. (Pl.'s Designation of R. Ex. 2 at 327; Def.'s Supp. Designation of R. 13.)

Defendant argues that Plaintiff's Motion is untimely under § 157(d); however, this argument is unavailing. As stated *supra*, Plaintiff originally filed her first motion to withdraw the reference on the same day that she initiated her adversary proceeding against Defendant in the Bankruptcy Court, March 10, 2017. The Bankruptcy Court never ruled on that motion based upon that Court's Staying Order. Thus, to argue that Plaintiff's Motion was untimely simply lacks merit.

---

11 . . . ." 28 U.S.C. § 157 (b)(1); *see id.* at (b)(2) (listing examples of core proceedings). Bankruptcy courts may also hear proceedings that are non-core if they are "otherwise related to a case under title 11." 28 U.S.C. § 157 (c)(1). However, in non-core proceedings, a bankruptcy court's jurisdiction is limited to submitting proposed findings of fact and conclusions of law to the district court for the district court's *de novo* review. *Id.*

In addition, Defendant contends that Plaintiff's Amended Complaint should be dismissed because the Bankruptcy Court is without jurisdiction to hear the case. Plaintiff filed her adversary proceeding in the Bankruptcy Court in accordance with that Court's Staying Order. This Court, therefore, declines Defendant's invitation to dismiss Plaintiff's Amended Complaint by virtue of the fact that she was following the Bankruptcy Court's explicit order; rather, this Court will grant Plaintiff's Motion to Withdraw the Reference and Transfer Venue.

**C. Venue Should be Transferred to the Eastern District of Washington**

Plaintiff, a resident of Washington state, also seeks to transfer her remaining FDCPA claims to the Eastern District of Washington, where the circumstances in the Amended Complaint allegedly occurred. Acting within its sound discretion, the Court finds that such a transfer is appropriate and will be granted.

"For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented." 28 U.S.C. § 1404(a). "The decision whether to transfer an action under the statute is committed to the sound discretion of the district court." *Heinz Kettler GMBH & Co. v. Razor USA, LLC*, 750 F. Supp. 2d 660, 667 (E.D. Va. 2010) (citation omitted).

District courts within the Fourth Circuit consider the following factors when determining whether a transfer of venue is appropriate: (i) the weight accorded to plaintiff's choice of venue; (ii) witness convenience and access; (iii) convenience of the parties; and (iv) the interest of justice. *See e.g., Lynch v. Vanderhoef Builders*, 237 F.

8

Supp. 2d 615, 617 (D. Md. 2002); *Bd. of Trs., Sheet Metal Workers Nat'l Fund v. Baylor Heating & Air Conditioning, Inc.*, 702 F. Supp. 1253, 1255–62 (E.D. Va. 1988). The movant bears the burden of proving that the circumstances of the case strongly favor transfer. *Heinz Kettler GMBH & Co.*, 750 F. Supp. 2d at 667. However, a plaintiff's choice of venue is entitled to substantial weight. *Bd. of Trs. v. Sullivant Ave. Props., LLC*, 508 F. Supp. 2d 473, 477 (E.D. Va. 2007). In fact, given the substantial weight accorded to this first factor, defendants need to make a compelling showing on the remaining factors to show that the transfer of venue would be an abuse of discretion. *Trs. of the Plumbers & Pipefitters Nat'l. Pension Fund v. Plumbing Servs., Inc.*, 791 F.3d 436, 444 (4th Cir. 2015).

Defendant argues that venue should remain in the Eastern District of Virginia because it is the venue wherein Plaintiff chose to initially file her adversary proceeding. (Def.'s Supp. Designation of R. 93.) Furthermore, Defendant argues that a transfer of venue would be inconvenient because it has engaged local counsel in Virginia and "had multiple attorneys admitted . . . *pro hac vice* for the sole purpose of defending this action." (*Id.* at 94.) Finally, Defendant contends that the ends of justice dictate keeping Plaintiff's case in the current forum given the "Court's familiarity with the subject matter of this action and the voluminous record before the Court relating to this action . . . ." (*Id.* at 95.)

Contrary to Defendant's point that Plaintiff chose to litigate in the Eastern District of Virginia, she argues that "[t]he only reason Plaintiff initiated this action in the Bankruptcy Court in the Eastern District of Virginia is because *she was required to do so*

after the Bankruptcy Court extended the automatic bankruptcy stay to cover third party debt collectors, like [Defendant] . . . ." (*Id.* at 15) (emphasis added.) Furthermore, Plaintiff argues that venue in the Eastern District of Washington, which is actually her preferred venue, is more convenient because she resides within that District. Finally, Plaintiff argues, pursuant to the ends of justice, that the Eastern District of Washington has "a strong interest in adjudicating the rights of a person" who resides within that jurisdiction. (*Id.* at 14–16.)

In light of the factors that the Court must consider, particularly that Plaintiff was required to file her case within the Eastern District of Virginia, the Court finds that a transfer of venue is appropriate because the claims that were related to the HDL bankruptcy have been resolved. In addition, the Court notes that the inconvenience of having Defense counsel admitted *pro hac vice* in Plaintiff's preferred forum is not sufficiently burdensome to require Plaintiff to continue to prosecute her claims in the Eastern District of Virginia—on the opposite side of the country from her preferred venue and where the underlying circumstances occurred. Finally, while Defendant argues that records in this case are "voluminous," little if anything has been done to advance the adjudication of Plaintiff's FDCPA claims. In fact, to the contrary, it appears that the voluminous records referenced pertain to the underlying bankruptcy matters that initially ensnared Plaintiff's claims.

### III. CONCLUSION

Thus, for all the reasons stated above, the Court will grant Plaintiff's Motion and withdraw the bankruptcy reference in the current matter. In addition, the Court finds it

just and appropriate to transfer venue to the District Court for the Eastern District of Washington. An appropriate Order will accompany this Memorandum Opinion.

/s/
Henry E. Hudson
Senior United States District Judge

Date: Oct. 9, 2018
Richmond, Virginia